FILED
SUPERIOR COURT
OF GUAM

2024 FEB -9 AM 11: 40

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. **CM0027-23** |
| | GPD Report NO. 23-02169 |
| vs. | |
| | DECISION AND ORDER RE. |
| **NATHAN EDWARD CASTRO,** | DEFENDANT'S MOTION FOR A |
| DOB: 12/17/1981 | DEFERRED PLEA |
| Defendant. | |

## I.  **INTRODUCTION**

This matter came before the Honorable Judge Maria T. Cenzon on Defendant's Motion for a Deferred Plea and Memorandum of Points and Authorities (the "Motion"). Defendant Nathan Edward Castro ("Defendant") appeared with counsel William Pole via Zoom. Assistant Attorney General Joey San Nicolas appeared for the People of Guam (the "People) via Zoom. On January 19, 2024, the Court took the matter under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM and Administrative Rule Nos. 06-001. After reviewing the Motion and having heard oral argument by both parties, the Court now issues this Decision and Order GRANTING the Defendant's Motion for an Order Granting a Deferred Plea.

//

//

## II.    BACKGROUND

Defendant is charged with four (4) counts of Child Abuse (As a Misdemeanor).[1] Police reviewed security footage that showed four incidents: on January 7th, 2023, Defendant struck L.C. (3 years-old; "Victim") on the face; on January 11th, 2023, Defendant again struck Victim on the face; on January 19, 2023, Defendant pushed over Victim's highchair, causing Victim to fall; and on January 24, 2023, Defendant pushed Victim facedown onto a couch and struck Victim's lower body with what appeared to be a slipper. Magistrate's Compl., (Jan. 25, 2023).

Defendant filed its Motion for a Deferred Plea and Memorandum of Points and Authorities on October 25, 2023. In the Motion, Defendant moves for the four (4) counts of Child Abuse (As a Misdemeanor) to be deferred pursuant to 9 GCA §30.80.1. Mot. at 1. Defendant expresses love for the child, regardless of whether Defendant can adopt the child or not, and Defendant is willing to go through counseling, anger management, and parenting classes to become a better parent. Mot. at 3. Defendant enrolled in a course in parenting support/skills on October 24, 2023.[2]

## III.    DISCUSSION

**A.    The Guam Legislature has declared its statutory intent to allow "first time offenders" of Family Violence to receive counseling, education and treatment pursuant to a deferred plea.**

Guam Public Law 31-103 (Oct. 4, 2011) is entitled "AN ACT TO AMEND § 10405(b) OF CHAPTER 40, TITLE 7, GUAM CODE ANNOTATED; AND TO REPEAL AND REENACT §§30.80 THROUGH 30.80.5 OF CHAPTER 30, TITLE 9, GUAM CODE ANNOTATED, RELATIVE TO DEFERRED PLEAS FOR DOMESTIC VIOLENCE

---

[1] Original Magistrate's Complaint (January 25, 2023) charged Defendant with five (5) counts of Child Abuse (As a Misdemeanor); Decision and Order on September 19, 2023 dismissed the 5th count of Child Abuse (As a Misdemeanor)

[2] *See* Exhibit A attached to Defendant's Mot.

ABUSERS." Within the language of the law itself, the Legislature declared an unequivocal intent to permit "first-time" family violence offenders the opportunity to participate in a "deferred plea" agreement after it adopted the findings of the Bureau of Justice, the National Coalition Against Domestic Violence, the American Bar Association and most national victims' support groups "that if first-time offenders receive counseling, education and in some cases, clinical treatment; they are less likely to reoffend." Family Violence Act, Pub. L. 31-103:1 (2013).

The resulting statute relating to the deferred family violence plea is codified in Sections 30.80 through 30.80.5 of Chapter 30, Title 9, Guam Code Annotated. 9 GCA § 30.80.1 provides the eligibility requirements under the deferred plea and includes an absolute bar to defendants who fall within 9 GCA §30.80.1(a)(1)-(4).

9 GCA §30.80.1(a)(1)-(4) provides the following eligibility requirements:

(a) The following persons are ineligible for the deferred plea for family violence process:

(1) a defendant who has a felony conviction for any offense involving violence within seven (7) years prior to the alleged commission of the charged offense;

(2) a defendant who has participated in a diversion or deferred plea program for family violence, or a similar offense in Guam or another locality;

(3) a defendant who has been sentenced for a violation of §30.40 of this Chapter within one (1) year prior to the alleged commission of the charged offense; or

(4) a defendant whose current charge involves serious bodily injury as defined in Subsection (c) of §16.10, Chapter 16 of this Title, or criminal sexual conduct involving sexual penetration as defined in Item (9) of Subsection (a) of §25.20, Chapter 25 of this Title, unless the court finds that due to unusual circumstances deferral of the criminal proceedings is manifestly in the interest of justice.

Of course, a defendant who is not automatically ineligible for a deferred plea based upon the conditions of preclusion is not guaranteed a deferred plea.[3]

Instead, the law places the onus upon the prosecution, the first instance, to determine eligibility and whether such a deferred plea would be extended to a defendant who qualifies:

> (c) The prosecuting attorney *shall determine* whether the defendant is ineligible for deferral by reason of any of the factors set forth in Subsection (a) of this §30.80.1. If the prosecutor finds that the person is not ineligible, and will agree to a deferred pea, the prosecutor *shall notify* the defendant.

> (d) If the prosecutor finds that the defendant is ineligible, or if the prosecutor will not agree to a deferral although the defendant is not excluded by reason of Subsection (a) of this §30.80.1, the prosecutor *shall notify* the defendant.

9 GCA §30.80.1(c), (d) (emphasis added).

The statute then provides that "any defendant who is not specifically ineligible for the deferral process pursuant to Subsection (a) of this §30.80.1 may apply for the court, by notice for an order granting a deferred plea." 9 GCA §30.80.1(e).

In any event, under the deferred plea provisions of the Family Violence Act, the prosecutor is required to make a determination of eligibility and to notify the defendant of such eligibility; or, if he or she is eligible, but the prosecutor will not agree to a deferral, the prosecutor is still required to notify the defendant. No such determination was made nor notice as required under Section 30.80.1(c) and (d) were provided in this case. Consequently, Defendant filed the instant Motion pursuant to Section 80.30.1(e).

Thus, the Court must now determine (1) if the defendant is not ineligible under Section 30.80.1 (a)(1)-(4), and (2) if the defendant is not ineligible - or to put it more clearly - if he is

---

[3] 9 GCA § 30.80.1(b) ("[t]he fact that a defendant is not made ineligible by Subsection (a) ... does not automatically entitle a defendant to the deferred guilty plea for family violence.").

agreement." 9 GCA §30.80.2(a). The Court's decision in this matter shall be final and shall not constitute an appealable order. 9 GCA §30.80.2(d).

**B.      The Defendant is not ineligible for a deferred plea.**

After reviewing the requirements and the facts of the Defendant's particular facts and circumstances, notwithstanding a lack of a family violence misdemeanor charge, the Court finds that Defendant has satisfied 9 GCA § 30.80 by filing a proper pre-trial motion where he agrees to volunteer a guilty plea to a misdemeanor charge of family violence and to participate in education, counseling, and/or treatments) as can be directed by this Court. The Defendant is also not ineligible as outlined by 9 GCA §30.80.1 (a) since (1) he does not have any prior felony convictions for any offense involving violence, (2) he has not previously participated in a diversion or deferred plea program for family violence or similar offense in Guam or any other locality[4], (3) he has not been previously sentenced for a violation of 9 GCA §30.40, and (4) he does not have a current charge against him for serious bodily injury or criminal sexual conduct involving sexual penetration.

The Court turns to analyze Defendant's child abuse charge to assess whether he is eligible under 9 GCA § 30.80 for a deferred plea. Statutory interpretation is a legal question, and the inquiry always begins with the language of the statute. *Data Mgmt. Res., LLC v. Office of Pub. Accountability*, 2013 Guam 27, citing *Aguon v. Gutierrez*, 2002 Guam 14. A statute's plain meaning prevails absent clear legislative intent to the contrary. *Sumitomo Const., Co. v. Guam*, 2001 Guam.

---

[4] In an earlier case, Defendant previously participated in a diversion program, but such participation occurred well before the passage of the Amended Family Violence Acts.

meaning prevails absent clear legislative intent to the contrary. *Sumitomo Const., Co. v. Guam*, 2001 Guam.

Whether determining a statute's plain meaning or its animating legislative intent, the Court must read a statute in its entirety and construe it in conjunction with the "entire statutory scheme." *Id.*; *People v. Tedtaotao*, 2015 Guam 9. It is the Court's "duty is to interpret statutes in light of their terms and legislative intent ...." *People v. Quenga*, 2015 Guam 39 (quoting *People v. Flores*, 2004 Guam.

The statute unequivocally states that a defendant can only seek a deferred plea as "to a misdemeanor charge of family violence, as defined in this Chapter..." 9 GCA § 30.80. Under 9 GCA §30.10, "family violence" is defined as one or more of the following acts:

(1) Attempting to cause or causing bodily injury to another family or household member;
(2) Placing another family or household member in reasonable fear of imminent bodily injury; or
(3) Knowingly or intentionally, against the will of another, impeding the normal breathing or circulation of the blood of a family or household member by applying pressure to the throat or neck or by blocking the nose or mouth of a family or household member.

"Family or household members" include:

(1) Adults or minors who are current or former spouses;
(2) **Adults or minors who live together or who have lived together**;
(3) Adults or minors who are dating or who have dated;
(4) Adults or minors who are engaged in or who have engaged in a sexual relationship;
(5) **Adults or minors who are related by blood or adoption to the fourth degree of affinity**;
(6) Adults or minors who are related or formerly related by marriage;
(7) Persons who have a child in common; and
(8) Minor children of a person in a relationship described in paragraphs (1) through (7) above.

9 GCA § 30.10 (b) (emphasis added).

The Victim here is a foster child who was under the care of Defendant and Adela Lujan on behalf of a family member. Magistrate's Compl. (Jan. 25, 2023) As defined by statute, the Victim is therefore a family or household member of the Defendant. Thus, because the Defendant's child abuse charge is brought forth upon the claim he caused bodily injury upon a family member or placed the family member in reasonable fear of imminent bodily injury, the misdemeanor child abuse charge is a misdemeanor family violence charge as defined by Guam statutes. The Defendant is therefore also eligible for a deferred plea as to his child abuse charge. Indeed, the People have often offered deferred child abuse pleas in the past before this Court.

Legislative intent affirms this finding. First, Guam's legislature seems to have codified the statute at issue at least in part because of the premise that "first-time offenders" whom "receive counseling, education, and in some cases, clinical treatment . . . are less likely to reoffend." Family Violence Act, Pub. L. No. 31-109 (2013). Interpreting "family violence" to include child abuse would allow the Defendant here, a first-time family violence offender, to receive counseling, education, and clinical treatment that could make him less likely to offend.

Secondly, the current 2013 statute amended the original 1994 statute, which Guam's Legislature enacted to "assist Guam's heavily burdened courts" by providing judges with "greater authority to divert appropriate defendants into enforced education and treatment programs." Family Violence Act, Pub. L. No. 22-160 (1994). Again, interpreting "family violence" to include child abuse would not make the Defendant ineligible for a deferred plea, which would help clear precious state resources by avoiding the further prosecution of the Defendant, thereby "assist[ing] Guam's heavily burdened courts." The Court must recognize that "[w]here a criminal statute is ambiguous, the rule of lenity requires [the Court] to construe the statute in favor of the defendant." *People v. Tenorio*, 2007 Guam 19. Hence, any ambiguity is resolved by the legislative intent that

weighs in favor of construing the Defendant as eligible for a deferred plea, both to his misdemeanor family violence charge and his misdemeanor child abuse charge.

Lastly, the Court finds persuasive the rulings of other courts within the Superior Court of Guam on these issues. In these cases, defendants were charged with various offenses, including family violence and child abuse, as here, and the courts there all deemed the defendants eligible for at least consideration. *See People v. Fernandez II*, CF0573-10 (June 17, 2011); *People v. Mafthin*, CF0646-11 (Nov. 30, 2012); *People v. Dafrow*, CFOS00-11 (Mar. 13, 2012); *People v. Castro*, CF0631-11 (June 7, 2012). Admittedly, all the cases are based on the prior statute before it was amended on April 11, 2013. However, because the prior statute and amended statute serve the same purpose and the amendment was largely a technicality of swapping words (many edits were changing "diversion", "divertee", or "diversion process" to "deferral of plea", "deferred pleader", and "Deferred Plea Agreement"), these cases remain highly persuasive.

For these reasons, this Court finds that the Defendant is eligible for a deferred plea for the four (4) counts of misdemeanor child abuse after analyzing the terms of 9 GCA § 30.80 as well as its legislative intent. The statute was not meant to be utilized strictly by defendants with literal misdemeanor family violence charges but rather any misdemeanor charge accusing a defendant of "causing bodily injury to another family or household member." 9 GCA § 30.10 (a)(1).

The statute was also meant to be utilized by first-time family violence offenders so they could receive the necessary treatment to avoid any future offenses. Here, the Defendant is not a first-time offender since he was previously charged with family violence; however, he would benefit from treatment so as to prevent him from reoffending. Thus, he is not ineligible for a deferred plea under 9 GCA §30.80.

//

## C. The Defendant is entitled to a deferred plea pursuant to 9 GCA § 30.80.2(a).

### a. The nature and extent of injury inflicted upon the victim.

As to the nature and extent of the injuries inflicted upon the victim, as set forth in the Complaint and the observations by the police officers, these are worrisome to the Court. The Court must also consider the Victim's opposition to allowing Defendant to benefit from a deferred plea. The Court recognizes that the Public Law 31-109 recognized that "obtaining justice for victims of domestic violence largely outweigh the desires of their abusers]" however, that was in the context of eliminating the diversion program - which offenders preferred – over implementing the deferred plea, which continues to hold a defendant accountable by entering the plea if the offender fails to complete the treatment components and other conditions of his probation.

In this case, the Victim suffered four separate incidents of child abuse by the Defendant: on January 7, 2023, Defendant struck Victim on the face; on January 11, 2023, Defendant again struck Victim on the face; on January 19, 2023, Defendant pushed over Victim's highchair, causing Victim to fall; and on January 24, 2023, Defendant pushed Victim facedown onto a couch and struck Victim's lower body with what appeared to be a slipper. Magistrate's Compl. (Jan. 25, 2023) Thus, the extent of the injuries upon the minor victim, while not life-threatening, still weighs against granting the Defendant a deferred plea.

### b. Any prior incidents of family violence by the Defendant.

The Defendant was charged in a case with a violent crime that has since been expunged from Defendant's record. Importantly, that charge was related to family violence and the statute

explicitly calls for this Court to factor prior incidents of family violence by the Defendant.[4] In the expunged case, the Defendant was alleged to have squeezed the victim's neck and threw her against typhoon shutters. Thus, this factor weighs against granting the Defendant a deferred plea.

### c. Any factors that would adversely influence the likelihood of successful completion of the deferred plea agreement.

The Defendant's prior criminal history suggests he possess the ability to comply with any court orders and/or treatment plans. That Defendant successfully completed the conditions of a deferred plea agreement in a separate case also confirms his ability to complete a deferred guilty plea agreement in this case.

## IV. CONCLUSION

For the reasons set forth herein, the Court hereby finds that the Defendant is eligible and entitled to a deferred plea for the child abuse charges pursuant to 9 GCA §30.80.1 **IT IS HEREBY ORDERED** that the Defendant's Motion for an Order Granting a Deferred Plea is **GRANTED**.

The People are **ORDERED** to provide Defendant a deferred plea consistent with the Court's decision herein within thirty (30) days of the issuance of this Decision and Order.

**SO ORDERED** this **2/9/2024**.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

SERVICE VIA EMAIL
I acknowledge that an electronic copy of the original was e-mailed to:

AG, W-Pole

Date: 2/9/24 Time: 11:49am

Antonio L. Cruz
Deputy Clerk, Superior Court of Guam

---

[4] *See* 9 GCA § 30.80 (offenses dismissed under this Section [30.80] and/or under a family violence diversion program shall count as prior offenses in the application of minimum sentences under this Chapter).